THORNAL, Justice.
Relator Peterson seeks a rule nisi in prohibition to stop his scheduled prosecution-under an information charging him with unlawfully prescribing narcotics and obtaining narcotic drugs by fraud.
The determining point is whether this Court has jurisdiction to issue the writ.
Peterson was informed against in two counts of unlawfully prescribing narcotics and two counts of obtaining narcotic drugs by fraud.
Relator Peterson contends that his prosecution should be prohibited for the asserted reason that prior to the filing of the information he had been compelled to testify under oath before an assistant county solicitor with reference to matters directly related to the subject matter of the information. His position is that the alleged compulsion to testify before the county solicitor now immunizes him from prosecution based on information allegedly revealed by his testimony. He was unsuccessful in a motion to quash the information before the trial judge. He has instituted an original proceeding in prohibition before this Court.
We are confronted with a jurisdictional problem. Section 4 of Article V, Florida Constitution, F.S.A., as amended in 1956, authorizes this Court, among other things, to issue “writs of prohibition * * * to the district courts of appeal, and to the trial courts when questions are involved upon which a direct appeal to the supreme court is allozved as a matter of right.” (Emphasis added.) When we measure the rights of the relator by the prescriptions of the organic law it is obvious that we are not authorized by the Constitution to issue the requested writ, If relator were tried and convicted on the charges against him he could appeal as a *375 matter of right to the appropriate district court of appeal hut not to this Court. Inasmuch as the matter set forth in the suggestion for the writ does not involve a situation in which a direct appeal to this Court would be allowed as a matter of right, we find no constitutional grant of authority to us to issue the requested writ.
 It was suggested at oral argument that we exercise the power to transfer the record which has been filed here to the proper appellate court under that provision of Section 4, Article V, Florida Constitution, as amended, which directs that “The supreme court shall provide for the transfer to the court having jurisdiction of any matter subject to review when the jurisdiction of another appellate court has been improvidently invoked.” Despite a desire to be cooperative with the parties-litigant, we are of the view that the quoted provision for the transfer of cases applies to those situations in which the appellate jurisdiction, as distinguished from the original jurisdiction, of an appellate court has been improvidently invoked. In the instant matter the relator has improvidently invoked the alleged original jurisdiction of this Court as distinguished from our appellate jurisdiction. We are, therefore, not in a position to direct that the record which he has submitted be transferred bodily to the proper tribunal for consideration. We see no reason, however, why the relator should not proceed ab initio in the proper district court of appeal.
Contrary to the usual practice of acting on matters of this kind without opinion, we have deemed it advisable to delineate our views for the guidance of other courts as well as the members of the Bar, who might be confronted with similar problems.
The rule nisi is denied but without prejudice to the relator to proceed as he may deem advisable in the District Court of Appeal, Second District.
TERRELL, C. J., and ROBERTS, DREW and O’CONNELL, JJ., concur.