127 So.2d 671 (1961)
STATE of Florida, on the relation of George K. WINTON and Margery A. Winton, husband and wife, Petitioners,
v.
TOWN OF DAVIE, an abortive municipal corporation of Broward County, Florida; J. Kenneth King, Mayor of said Town of Davie; Richard A. Griffin, Charles W. Osborne, Glenn S. Sutliff, Edward Viele, Larry Winklehake, Aldermen constituting the Town Council of said Town of Davie, Respondents.
No. 30779.
Supreme Court of Florida.
March 10, 1961.
Rehearing Denied March 21, 1961.
*672 Carl A. Hiaasen of McCune, Hiaasen, Crum & Ferris, Fort Lauderdale, for petitioners.
John D. Steele of Steele & Springer, Hallandale, for respondents.
THORNAL, Justice.
By an original proceeding for a writ of quo warranto petitioners attack the validity of the incorporation of the Town of Davie in Broward County.
We are at the outset confronted by a jurisdictional problem which precludes our consideration of the merits of the controversy.
By the petition it is alleged that certain citizens attempted to incorporate the Town of Davie under Chapter 165, Florida Statutes, F.S.A. It is in sum contended that there was a failure to meet various essential requirements of the statute. It is further contended that by virtue of Section 165.29, Florida Statutes, F.S.A., this chapter is no longer applicable to Broward County. We cannot, however, reach the merits because we are faced by a jurisdictional impediment.
It should be noted that the petition is filed as an original proceeding in this Court. Our sole jurisdiction to entertain proceedings of this nature is lodged in Article V, Section 4(2), Florida Constitution, F.S.A., and that part of the section which reads as follows:
"The Supreme Court may issue writs of mandamus and quo warranto when a state officer, board, commission, or other agency authorized to represent the public generally, or a member of any such board, commission, or other agency, is named as respondent, * * *".
In particular, if we have the power to grant the requested relief it must be found in that portion of the quoted provision which authorizes the Supreme Court to issue writs of quo warranto when the respondent is a "state officer, board, commission, or other agency authorized to represent the public generally." We think it is clear that the respondent city officials cannot be classed as a "state officer, board, [or] commission." It is suggested that the respondent does fall within the category of an "other agency authorized to represent the public generally."
*673 While a casual reference to the last quoted phrase might suggest jurisdiction in this instance, we have the view that this phrase must necessarily be read in the light of the preceding language of the same sentence. When we do this and when we take into consideration the proposition that amended Article V, Florida Constitution, substantially restricted the jurisdiction of this Court in many particulars, we are impelled to the conclusion that the expression "other agency authorized to represent the public generally," must be construed in the light of the preceding series of affected agencies. When this is done this phrase must of necessity be construed as if it read "or other state agency authorized to represent the public generally."
We have said that Amended Article V, contemplates that the Supreme Court should exercise its appellate functions to eliminate conflicts in the precedents and to provide prompt action in those situations which should be brought directly to the attention of the State's court of final resort when the validity of statutes or the construction of Constitutions have been adjudicated in lower courts. By the same token, the original jurisdiction of this Court was substantially curtailed. By the language employed it is obvious that the Constitution contemplates the exercise of original jurisdiction by us primarily in those matters requiring a state-wide perspective. The duty to solve problems affecting limited local areas is largely deposited with courts nearer the source of the irritation.
As we view the quoted provision regarding the writ of quo warranto, it appears to us that the reference to an agency authorized to represent the public generally has regard to all of the public as distinguished from a limited segment of the public. It should be noted that the series of public officials mentioned in the quoted provision is prefaced by the word "State." We call upon the doctrine of ejusdem generis which has been so often employed in the construction of statutes, Dunham v. State, 140 Fla. 754, 192 So. 324, and which with equal propriety may be employed in the construction of constitutional provisions, 16 C.J.S. Constitutional Law § 22, p. 90. Applying this rule we have the view that the series of officers and functionaries delineated in the provision which we have quoted, is modified in its entirety by the word "State" so that the power of this Court to issue writs of quo warranto is limited to those situations when a State officer, or a State board, or a State commission, or other State agency is the respondent. This construction, we think, is consistent with the overall objectives sought to be accomplished by amended Article V, and fits into the pattern of jurisdiction designed for this Court.
The rule of ejusdem generis may be employed to aid in the construction of statutes when the specific members of an enumeration constitute a class and the class is not exhausted by the enumeration and the series is concluded by a general term descriptive of the class. Under these circumstances the rule is applicable provided there is not clearly manifested an intent to isolate the general expression by according it a broader meaning than the doctrine justifies. Southerland Statutory Construction 3rd Edition, Vol. 2, Section 4910.
Holding as we do that the same rule may be applied to the construction of constitutional provisions, it appears to us that the general group which concluded the enumeration of specific types of officers which preceded it, logically falls into the class described by such specific enumeration. As so aptly expressed by Judge Learned Hand "words are chameleons, which reflect the color of their environment." Commissioner v. National Carbide Co., 2 Cir., 167 F.2d 304, 306. Here the words "other agency" were placed in the *674 environment of State officers and we think, consequently reflect the color of this environment. To this end, as we pointed out above, this provision must be construed as if the word "State" were repeated before each public functionary in the series.
Although not urged upon us by the petitioner we mention that we have not overlooked the decision of this Court in State ex rel. Ervin v. Cotney, Fla. 1958, 104 So.2d 346. We there entertained an original petition for a writ of quo warranto challenging the creation of the Clay County Development Authority. We will not attempt to distinguish the decision account of the fact that it involved a county-wide agency as contrasted to a municipality. See Article VIII, Section 1, Florida Constitution as contrasted to Article VIII, Section 8, Florida Constitution. We merely point out here that this jurisdictional problem was not raised in the Cotney case. A reading of the opinion will reveal that it was not considered at that time. Because of what we have pointed out above, we are compelled to hold that anything in Cotney which might appear to be impliedly contrary to what we hold, cannot be considered as binding when applied to municipalities.
We have considered the possibility of transferring the instant petition to an appropriate court. However, inasmuch as this is an original, rather than an appellate proceeding, we are not authorized under the Constitution or applicable rules to direct a transfer to a court of appropriate jurisdiction. State ex rel. Peterson v. Weissing, Fla. 1958, 100 So.2d 373.
The prayer of the petition is denied and the petition is dismissed without prejudice to the right of petitioner to institute the proceeding in the appropriate court.
It is so ordered.
THOMAS, C.J., and TERRELL, HOBSON and O'CONNELL, JJ., concur.