134 So.2d 228 (1961)
Israel DRESNER, Austin M. Warner, Robert M. Brown, Petty D. McKinney, Martin Freedman, Robert J. Stone, Arthur L. Hardge, Wayne C. Hartmire, J.W. Collier, Jr., Ralph Lord Roy, Appellants,
v.
CITY OF TALLAHASSEE, Appellee.
No. 31121.
Supreme Court of Florida.
November 1, 1961.
*229 Tobias Simon, Miami, Alfred I. Hopkins, Miami Beach, and Howard W. Dixon, Miami, for appellants
James Messer, Jr., City Atty., and Edward J. Hill, City Sol., Tallahassee, for appellee.
THORNAL, Justice.
We have for consideration a motion to dismiss a direct appeal from the Municipal Court of the City of Tallahassee.
We must decide whether this Court has jurisdiction to consider the appeal.
The city charged that the appellants did "unlawfully assemble * * * contrary to the laws and ordinances of said City in such cases made and provided, and against the peace and dignity of the said City of Tallahassee, Florida." A trial in the municipal court culminated in a finding of guilt and a sentence to pay a fine with an alternative term in the city jail. At the outset of the trial the appellants moved to dismiss the complaint with the contention that Section 870.04, Florida Statutes, as amended by Chapter 61-237, Laws of Florida 1961, F.S.A., was being invalidly applied against them. The City Judge announced that "the statute is not unconstitutional on its face." Coming here directly from the municipal court appellants contend that the trial judge passed directly on the validity of a state statute and that we, therefore, have jurisdiction pursuant to Section 4, Article V, Florida Constitution, F.S.A. The appellee's motion to dismiss questions the jurisdiction of this Court to determine the matter on a direct appeal. This motion has been argued and is now here for disposition.
The appellants were charged with the violation of the municipal ordinances of the City of Tallahassee. Nowhere in the complaint were they charged with a violation of a state statute. A reference to Section 870.04, supra, as amended, will reveal that the statute condemns a riotous assembly and provides a penalty under Section 870.02, Florida Statutes, F.S.A. The offense described in the statute is a misdemeanor triable in the state courts. The statute does not even impliedly define a municipal offense. This distinction is important in determining our jurisdiction. It is perfectly clear that the municipal judge was not confronted by the necessity of passing directly on the validity of a state statute. The most that could be said would be that he was called upon to pass upon the validity of a municipal ordinance. In actuality, the record indicates that he was merely requested to decide that "the statute" was invalid "as applied to the appellants." The real contention asserted before the trial judge questioned the application of the statute, rather than its fundamental validity.
This Court derives its appellate jurisdiction from Article V, Florida Constitution. By Section 4(2), Article V, supra, appeals from trial courts may be taken directly to this Court from certain specified types of judgments. Among these are "final judgments or decrees directly passing upon the validity of a state statute * * * or construing a controlling provision of the Florida or federal constitution * * *." We must look to this constitutional provision as the source of our jurisdiction to entertain the instant appeal.
It is clear that the trial judge, at most, was called upon to pass upon the validity of a municipal ordinance. This is so because the appellants were charged with a violation of the municipal ordinances, rather than with a violation of a state statute. We have long ago held under Section 4(2), Article V, supra, that this Court did not have the power to entertain a direct appeal from a judgment of a trial court which merely passes upon the validity of a municipal ordinance. For purposes of determining the jurisdiction of this Court, a municipal ordinance cannot be classified *230 as a "state statute." Armstrong et al. v. City of Tampa, Fla. 1958, 106 So.2d 407. While conceivably a municipal court could be considered as a "trial court" from which a direct appeal could come here if in some peculiar situation the municipal court passed directly upon the validity of a state statute, such is not and could not have been the instant situation. Boyd v. County of Dade, Fla. 1960, 123 So.2d 323. Moreover, even though the appellants attempted to question the validity of the application of the cited statute, they did not in any fashion assault the fundamental validity of the statute itself. Jurisdiction comes to us by direct appeal when the validity of the statute is assaulted and passed upon. When the problem involves the validity of the application of an otherwise valid statute, a direct appeal here is not available unless there be a final judgment or decree which construes a controlling provision of the State or federal constitutions. Stein v. Darby et al., Fla., 134 So.2d 232. In the instant case there was certainly no such construction. The final judgment of the municipal judge merely contained a finding of guilt and the assessment of the fine. Nowhere in the record is there a construction of the constitution. Armstrong v. City of Tampa. supra.
Although ordinarily motions of the type involved here would be disposed of without opinion, we deemed it appropriate to elaborate on our reasons for the future guidance of the Bar.
Finding as we do that this Court is without jurisdiction to hear the instant appeals, the motion to dismiss is well-taken. However, we will treat the motion as a motion to transfer an appeal improvidently lodged in this Court. Rule 2.1, subd. a(5) (d), Florida Appellate Rules, 31 F.S.A. Under Section 6, Article V, Florida Constitution, the circuit courts have jurisdiction to hear appeals from municipal courts when they involve questions such as those presented here. It is, therefore, ordered that within five days from the filing of this opinion all papers, records, briefs and other documents, including the notice of appeal, be and the same are hereby transferred to the Circuit Court, Second Judicial Circuit for appropriate disposition. Our opinion is not to be construed as in any fashion passing upon the merits of the appeal or the sufficiency of the record, including the notice of appeal. These are matters to be disposed of by the circuit court in the exercise of its appellate jurisdiction.
It is so ordered.
ROBERTS, C.J., and HOBSON, DREW and O'CONNELL, JJ., concur.