ADKINS, Justice.
This is an original proceeding in prohibition brought against a judge of a court of record seeking to prohibit the trial of the petitioner because of' lack of jurisdiction by virtue of denial of a speedy trial. A rule nisi in prohibition was issued and a return filed by the respondent.
An information was filed November 19, 1969, charging petitioner with the offense of robbery. He was arrested on February 15, 1970. This was during the February term of court which began February 10, 1970 and ended April 13, 1970. On March 23, 1970, petitioner filed his first written demand for speedy trial.
During the next, or second, term of court (April 14, 1970 through June 15, 1970), petitioner filed written demands for speedy trial on May 5, 1970 and June 2, 1970,
During the next, or third, term (June 16, 1970 through August 10, 1970), petitioner filed another demand for speedy trial on July 28, 1970.
During the next, or fourth, term (August 11, 1970 through October 12, 1970), petitioner filed another demand for speedy trial on August 12, 1970.
Petitioner was scheduled to be tried on October 12, 1970, the last day of the August term, but filed his motion for discharge and motion to dismiss prosecution on October 7, 1970. This motion was denied on October 8, 1970, and these proceedings were instituted the following day.
The defendant had been in custody at all times. Therefore, the provisions of Fla. Stat. (1969) § 915.01(2), F.S.A., are not applicable.
Fla.Stat. (1969) § 915.01(1), F.S.A., reads as follows:
“When a person has been committed to custody to answer any criminal charge, and shall apply to the court on the first day of the term to which he has been committed, that he desires to be brought to his trial before the end of the term, and shall not be indicted or informed against at that term, unless it appear to the satisfaction of the court that the witnesses could not be procured, the court shall set him at liberty upon his giving bail in a reasonable penalty to appear at the next term. If the person in custody be not indicted or informed against in the second term, unless the attendance of witnesses is prevented by himself, he shall be discharged from imprisonment; and if he is not tried at or before the third term after the date he is first com *318 mitted, he shall be forever discharged from the crime.”
To paraphrase this subsection, where no indictment or information has been filed and a person is held in custody to answer a criminal charge, he has the right to apply to the court on the first day of the term to which he had been committed that he desires to be brought to his trial before the end of the term. If no indictment or information is filed during that term, he is entitled to bail in a reasonable amount to appear at the next term unless it appears that witnesses could not be procured. If the indictment or information is not filed in the second term, the defendant is entitled to be discharged from imprisonment without bail unless the attendance of witnesses is prevented by the defendant. . If the defendant is not tried at or before the third term after the date he is first committed, he is forever discharged from the crime.
Fla.Stat. (1969) § 915.01(1), F.S.A., provides that application must be made by the defendant on the “first day of the term to which he has been committed.” If the application is made prior to the first day of the term, as, for example, during the preceding term, it will be construed as being effective on the first day of the ensuing term.
The purpose of this subsection is to prescribe for a speedy trial for those persons who are in custody and should be read in connection with Fla.Stat. (1969) § 909.23, F.S.A., which provides as follows:
“When an indictment has been returned or an information filed for a felony and the accused be in custody, the court shall cause him to be arraigned and tried at the same term, during which said indictment or information is filed, unless good cause be shown for a continuance.”
The record fails to show any good cause for a continuance.
The provisions of Fla.Stat. (1969) § 915.02, F.S.A., are applicable only if the defendant is “serving a sentence or sentences of imprisonment for crime in this state,” and such person has a charge of crime pending against him in this state. The petitioner does not come within the provisions of this section.
Fla.Stat. (1969) §§ 915.01 and 915.02, F. S.A., were repealed by Florida Laws, Ch. 71-1 (B). This law also provided:
“The supreme court shall, by rule of said court, provide procedures through which the right to a^ápeedy trial as'guaranteed by subsection (1) and by Section 16 of Article I of the state constitution shall be realized.”
In accordance with this directive, the Florida Rules of Criminal Procedure were amended by adding Rule 1.191, subsection (i) (3), 33 F.S.A., of which provides as follows:
“(3) Any rights which shall have accrued to any defendant under former Fla.Stat. §§ 915.01 and 915.02 shall not be disturbed by this Rule.”
The respondent in his brief contends that the provisions of Fla.Stat. (1969), Ch. 915, F.S.A., were unconstitutional because of the varying terms of court in circuit courts, criminal courts of record, and other courts in the State judicial system. These terms vary from a minimum of two months to a maximum of six months, and there appears to be no compelling reason for this distinction. The petitioner was subject to the jurisdiction of a criminal court of record which has a term of two months, the shortest of any of the terms in courts having jurisdiction to try him throughout the State of Florida. Under these circumstances the petitioner cannot complain of the lack of equal protection of the law, nor can the respondent. A person who is seeking to raise the question as to the validity of a discriminatory statute has no standing for that purpose unless he belongs to the class which is prejudiced by the statutes. See 16 Am. Jur.2d, Constitutional Law, § 123; People of State of New York ex rel. Hatch v. *319 Reardon, 204 U.S. 152, 27 S.Ct. 188, 51 L. Ed. 415.
It is unfortunate that, because of circumstances beyond the control of the prosecuting official or a conscientious judge, it is necessary to discharge a defendant for lack of a speedy trial. At the time of the enactment of Fla.Stat. (1969) §§ 909.23, 915.01 and 915.02, F.S.A., it was never contemplated that the criminal docket in this State would become so congested due to increase in population that the protection of the constitutional and statutory right of a defendant to a speedy trial would result in a detriment to the public. But one of the great attributes of our judicial system is the fact that the rights of an individual must at all times be protected as they may accrue under existing law.
We therefore conclude that the return does not present a defense to the pri-' ma facie case made by the suggestion and that a rule absolute in prohibition should issue.
The issuance of a formal writ is withheld in full confidence that the trial court will discharge the petitioner in accordance with the law as herein set forth.
ROBERTS, C. J., and CARLTON, BOYD and McCAIN, JJ., concur.