248 So.2d 468 (1971)
The STATE of Florida, ex rel. Deborah A. SOODHALTER, Relator,
v.
The Honorable Paul BAKER, As Judge of the Criminal Court of Record, in and for Dade County, Florida, Respondent.
No. 40950.
Supreme Court of Florida.
May 19, 1971.
*470 Lawrence S. Katz, Miami Beach, for relator.
Robert L. Shevin, Atty. Gen., and Reeves Bowen, Asst. Atty. Gen., for respondent.
McCAIN, Justice.
By suggestion of the State of Florida, on the relation of Deborah A. Soodhalter, for a writ of prohibition to the Honorable Paul Baker, as Judge of the Criminal Court of Record, Dade County, Florida, relator seeks to prohibit further criminal prosecution against her by invoking Fla. Stat. § 915.01 (1969), F.S.A.
Prior to the 1956 Florida constitutional revision this Court could have entertained the grant of an original writ of prohibition in this case, through language of Article V, Section 5, then reading: "The court shall have power to issue writs of mandamus, certiorari, prohibition, quo warranto, habeas corpus, and also all writs necessary or proper to the complete exercise of its appellate jurisdiction." (Emphasis added). See Feger v. Fish, 106 Fla. 564, 143 So. 605 (1932).
The 1956 Article V revision, however, created a fundamental change in this Court's constitutional power to accept an original writ of prohibition through Section 4(2), thereof, now stating: "The supreme court may issue * * * writs of prohibition to * * * the trial courts when questions are involved upon which a direct appeal to the supreme court is allowed as a matter of right." Subsequent to this revision, this Court has entertained original wirts of prohibition in speedy trial cases only where it was asserted that a constitutional right to speedy trial, independent of rights under Fla. Stat. § 915.01 (1970), F.S.A., was violated. See Pena v. Schultz, 245 So.2d 49 (Fla. 1971); Loy v. Grayson, 99 So.2d 555 (Fla. 1957). Inasmuch as relator in the instant case asserts only a statutory right to speedy trial, this Court is without jurisdiction to entertain her suggestion.
However, this is not to suggest that, having made out a prima facie case for relief under Fla. Stat. § 915.01 (1969), F.S.A., relator is now without a remedy. Fla. Const. Art. V, Sec. 5(3), F.S.A., provides, in pertinent part: "* * * a district court of appeal * * * may issue writs of * * * prohibition * * *"
Accordingly, the question arises whether this Court must dismiss the pending suggestion without prejudice to the relator to apply for relief to the appropriate District Court of Appeal, or whether we may transfer the proceeding to the appropriate District Court.
Fla. Const. Art. V, Sec. 4(2), provides: "The Supreme Court shall provide for the transfer to the court having jurisdiction of any matter subject to review when the jurisdiction of another appellate court has been improvidently invoked." (Emphasis added)
In State ex rel. Peterson v. Weissing, 100 So.2d 373 (Fla. 1958), this Court, via dictum, stated:
"It was suggested at oral argument that we exercise the power to transfer the record which has been filed here to the proper appellate court under the provision of Section 4, Article V, Florida Constitution, as amended, which directs that `The supreme court shall provide for the transfer to the court having jurisdiction of any matter subject to review when the jurisdiction of another appellate court has been improvidently *471 invoked.' Despite a desire to be cooperative with the parties-litigant, we are of the view that the quoted provision for the transfer of cases applies to those situations in which the appellate jurisdiction, as distinguished from the original jurisdiction, of an appellate court has been improvidently invoked. In the instant matter the relator has improvidently invoked the alleged original jurisdiction of this Court as distinguished from our appellate jurisdiction. We are, therefore, not in a position to direct that the record which he has submitted be transferred bodily to the proper tribunal for consideration. We see no reason, however, why the relator should not proceed ab initio in the proper district court of appeal." (Emphasis added)
See also Jaworski v. City of Opa-Locka, 149 So.2d 33 (Fla. 1963) and State ex rel. Borden Co. v. Langley, 184 So.2d 161 (Fla. 1966).
However, in light of our policy statement in Baggett v. Wainwright, 229 So.2d 239 (Fla. 1970), wherein we indicated that we would in the future transfer writs of habeas corpus initially filed with us as an appellate court having original jurisdiction, to the appropriate District Court of Appeal in certain situations, it is apparent that the foregoing language in Weissing needs reexamination.
The Weissing decision does not state a rationale for the conclusion reached therein. However, the only words in the constitutional provision in question which could reasonably be construed as limiting our transfer jurisdiction to cases in which our appellate jurisdiction was involved are the words "subject to review". We therefore undertake to consider whether those words were indeed intended as a limitation on our power to transfer cases.
Fla. Const. Art. V, Sec. 4(2) sets forth in detail the jurisdiction of this Court. It begins by defining our jurisdiction over appeals from trial courts; it discusses our jurisdiction to issue writs of certiorari in chancery matters; it sets out our jurisdiction over appeals from District Courts; it defines our jurisdiction to issue writs of certiorari to District Courts; it sets out our jurisdiction to issue writs of mandamus; quo warranto; prohibition; and habeas corpus; and it concludes by providing us with power to transfer matters subject to review. It is a well-established rule of statutory and constitutional construction that where general words follow a designation of particular subjects or classes, the meaning of the general words will ordinarily be presumed to be, and construed as, restricted by the particular designation. See Re Amos, 93 Fla. 5, 112 So. 289 (1927); Van Pelt v. Hilliard, 75 Fla. 792, 78 So. 693 (1918); Children's Bootery v. Sutker, 91 Fla. 60, 107 So. 345 (1926); Goldsmith v. Orange Belt Securities Co., 115 Fla. 683, 156 So. 3 (1934); Arnold v. Shumpert, 217 So.2d 116 (Fla. 1968). Under this rule, where the enumeration of specific things is followed by a more general word or phrase, the general phrase is construed to refer to those things included within the preceding limiting terms. Hanna v. Sunrise Recreation, Inc., 94 So.2d 597 (Fla. 1957); de Marigny v. de Marigny, 43 So.2d 442 (Fla. 1949); Pompano Horse Club, Inc. v. State ex rel. Bryan, 93 Fla. 415, 111 So. 801 (1927); Smith v. Nussman, 156 So.2d 680 (Fla.App.3rd 1963), reh. den.; State ex rel. Winton v. Town of Davie, 127 So.2d 671 (Fla. 1961).
We are confronted with precisely such a situation here. The Constitution first sets out specifically the limits of our jurisdiction and then gives us a general power to transfer cases subject to our jurisdiction. Had it been the intendment of the Constitution to limit our transfer power to cases wherein our appellate jurisdiction was improvidently invoked it would have been a simple matter to have placed the general transfer language after that portion of Art. V, Sec. IV(2) dealing with our appellate power. But in fact, the general language follows both the discussion of our appellate jurisdiction and the discussion *472 of our original jurisdiction. We therefore construe the words "subject to review" to mean "subject to consideration by the Court in the exercise of its enumerated powers, including its power to issue original writs" and reject the interpretation placed on those words by us in Weissing.
Such a construction is consistent with the solution of one of the numerous problems facing our judiciary, that is, the expeditious but just disposition of cases with merit. It eliminates the need for litigants and counsel to pay double filing fees; to prepare duplicate pleadings; to acquire additional trial records; and it reduces the already lengthy delay frequently inherent in our appellate procedure.
Our Rules of Civil Procedure, 30 F.S.A., providing the mechanism for disposition of cases at the trial level, have also recognized this problem and attempted to minimize or eliminate it. R.C.P. 1.010 states: "These rules shall be construed to secure the just, speedy and inexpensive determination of every action." R.C.P. 1.060(a), provides: "If it should appear at any time that an action is pending in the wrong court of any county, it may be transferred to the proper court within said county by the same method as provided in Rule 1.170(j)." R.C.P. 1.170(j) provides: "If the demand of any counterclaim or cross-claim exceeds the jurisdiction of the court where the action is pending, the action shall be transferred forthwith to the court of the same county having jurisdiction of the demand * * *."
For this Court to recognize the necessity of relaxing technical niceties at the trial level but to ensnare litigants with a straight jacket at the appellate level, would constitute a distinction without reason or meaning. Accordingly, for the reasons above stated, the quoted language from State ex rel. Peterson v. Weissing, supra, is expressly receded from.
Having concluded that no constitutional limitation on our power to transfer cases at the appellate level exists, we must now consider the possibility that we have limited our power through the medium of our appellate rules. Happily, no such limitation is to be found. In response to our constitutional mandate in Fla. Const. Art. V, Sec. 4(2) to "provide for the transfer to the court having jurisdiction", F.A.R. 2.1, subd. a(5) (d), 32 F.S.A. was promulgated. That rule provides:
"When the jurisdiction of an appellate court has been improvidently invoked, that court may of its own motion or on motion of either party to the cause enter an order transferring it to the court having jurisdiction."
The rule does not talk in terms of "appellate" or "original" jurisdiction, but merely allows an appellate court whose "jurisdiction" has been improvidently invoked to transfer the cause to the "court having jurisdiction". Clearly, this rule permits the transfer of causes to the appropriate appellate court having original jurisdiction as well as to the appropriate appellate court having appellate jurisdiction.
In fact, under the Rule considered alone and without reference to Fla. Const. Art. V, Sec. 4(2), it would be possible to conclude that our power to transfer is without limit. Under the Rule, an appellate court could even go so far as to transfer an original negligence action improperly filed with it to the appropriate Circuit Court. The Rule states only that an appellate court may transfer to the "court having jurisdiction."
However, such a result is not consistent with the Constitution. The Constitution mandates us to provide for the transfer to the "court having jurisdiction" when the "jurisdiction of another appellate court has been improvidently invoked." (Emphasis added) The use of the word "another" in the constitutional provision defining our power over transfers clearly indicates that the transfer from one appellate court whose jurisdiction has been improvidently invoked must be to another appellate court having jurisdiction. Otherwise, *473 the word "another" would be without meaning.
This is not to say that the transfer mechanism is closed entirely to Circuit Courts. Fla. Const. Art. V, Sec. 6(3) defines the appellate jurisdiction of the Circuit Courts, as follows:
"They shall have final appellate jurisdiction in all civil and criminal cases arising in the county court, or before county judges' courts, or all misdemeanors tried in criminal courts of record, and of all cases arising in municipal courts, small claims courts, and courts of justices of the peace."
The Florida Appellate Rules, including F.A.R. 2.1, subd. a(5) (d), govern procedure in the Circuit Court acting in the exercise of their appellate jurisdiction. See F.A.R. 4.7. Accordingly, where an appeal which should be filed in the Circuit Court is filed in a higher court, a transfer to the proper Circuit Court would be appropriate. See Christian v. State, 176 So.2d 561 (Fla. App.3rd 1965) (misdemeanor conviction appealed to First District Court of Appeal); Dresner v. City of Tallahassee, 134 So.2d 228 (Fla. 1961) (conviction of violation of municipal ordinance appealed to Supreme Court); Arvida Corporation v. City of Sarasota, 213 So.2d 756 (Fla.App. 2nd 1968) (certiorari petition seeking review of administrative order improperly transferred to Second District Court of Appeal by Circuit Court; retransferred to Circuit Court); Fice v. State, 232 So.2d 191 (Fla.App.3rd 1970) (misdemeanor conviction appealed to Third District Court of Appeal); Merrill v. State, 225 So.2d 436 (Fla.App. 3rd, 1969) (misdemeanor conviction appealed to Third District Court of Appeal).
Conversely, where an appeal is improvidently lodged with a Circuit Court, it may be transferred to the appropriate higher court. In Re Grant's Estate, 117 So.2d 865 (Fla.App.2nd 1960) (appeal from an order of probate court improvidently lodged with Circuit Court); Arvida Corporation v. City of Sarasota, supra.
It will be noted from the citation of authority accompanying our enunciation of these general rules, that nothing new has been added to the transfer mechanism to and from Circuit Courts by our opinion here. All we have said that is new is that an appellate court whose original jurisdiction is improvidently invoked may transfer the cause to another appropriate appellate court. Where a litigant improvidently invokes the original jurisdiction of a Circuit Court, the transfer mechanism is not available because that court is not acting as an appellate court. Conversely, where the original jurisdiction of either this Court or a District Court of Appeal is invoked when the original jurisdiction belongs in a Circuit Court, no transfer is available because the transfer would not be to another appellate court. We speak here only of transfers of causes between appellate courts.
The practical effect of the principle enunciated herein remains to be considered. We note that under F.A.R. 2.1, subd. a(5) (d) transfer is permissive rather than mandatory. We expect that certain general propositions regarding the propriety of the transfer mechanism in any given situation will evolve from a consideration of individual cases, and we are therefore hesitant to set out definite standards at this time. In general, however, we conceive that where, on the record before us, a given case does not clearly appear to be without merit, it will be appropriate to transfer the cause to the appropriate appellate court, rather than dismiss it without prejudice as we have done in the past.
Accordingly, pursuant to the views expressed herein, this suggestion for a writ of prohibition be and is hereby transferred to the Third District Court of Appeal for inquiry into this matter and for the granting of such relief as that Court shall deem appropriate.
It is so ordered.
*474 ROBERTS, C.J., and CARLTON, ADKINS and BOYD, JJ., concur.
ERVIN, J., concurs with opinion.
ERVIN, Justice (concurring with opinion):
I concur in the foregoing opinion of the Court, believing it to be a modernizing policy pronouncement which as a precedent will expedite disposition of cases of this kind generally and save litigation expense by channeling such cases without delay into a more appropriate forum. Compare Baggett v. Wainwright, Fla., 229 So.2d 239.
While I readily agree to the policy pronouncement in the Court's opinion as a general innovative reform, I would not have agreed to the transfer of this particular case except for the fact it is not clear from the papers filed with us that our jurisdiction is invoked. All that we have before us is a suggestion for writ of prohibition, alleging that the trial judge denied a motion to discharge Relator. The State, through the office of the Attorney General, has opposed issuance of the writ.
The suggestion makes a prima facie showing that four full terms of the trial court have run and the requisite demands for speedy trial were made in strict accordance with F.S. section 915.01, F.S.A. However, the reason for the trial judge's denial of the motion for discharge is not alleged in the suggestion nor is a copy of his order of denial made a part of the record before us. I strongly suspect he denied it because he believed F.S. chapter 915, F.S.A., unconstitutional, a position he advanced in a contemporaneous case. See State ex rel. Williams v. Baker, Fla., 247 So.2d 316, opinion filed March 24, 1971. There is nothing before us indicating that the trial judge passed upon the validity of F.S. section 915.01, F.S.A., in this case, or anything else which clearly indicates our jurisdiction is invoked.
Of course, we might possibly have assumed from State ex rel. Williams v. Baker, supra, that the trial judge passed upon the validity of section 915.01 herein under the inherency doctrine (Harrell's Candy Kitchen v. Sarasota-Manatee Airport Authority, Fla., 111 So.2d 439), or we could have ascertained by some appropriate means if the trial judge had in fact held the statute unconstitutional in this case (e.g., State v. Bruno, Fla., 104 So.2d 588). Or perhaps we could have treated the suggestion for writ of prohibition as a petition for writ of habeas corpus (e.g. Harper v. State, Fla., 172 So.2d 454) and ascertained through a return whether the trial judge's denial of discharge was based upon his view that section 915.01 is unconstitutional. Incidentally, I make note that the fact the Relator happens not to be "in custody" under the charge from which she seeks release, being out on bail, no longer appears to preclude her relief where a fundamental right to discharge is made to appear. Compare Lawson v. State, Fla., 231 So.2d 205 overruling Fretwell v. Wainwright, Fla., 185 So.2d 701. See also, 77 A.L.R.2d, page 1307, entitled "Right of one at large to writ of habeas corpus." However, it does appear more appropriate and expeditious to transfer this case to a court below clearly having jurisdiction at this point for the reasons expressed in the Court's opinion herein.
Since the suggestion for writ of prohibition makes a prima facie showing, the Relator should be discharged under authority of State ex rel. Leon v. Baker, Fla., 238 So.2d 281, and State ex rel. Buono v. Goodman, Fla.App., 233 So.2d 185, cert. denied Goodman v. State ex rel. Buono, Fla., 243 So.2d 594, unless the State is able in subsequent proceedings below to demonstrate some rational reason to the contrary. Incidentally, the denial of prohibition in State ex rel. Soodhalter v. Baker, Fla.App., 242 So.2d 814, by the District Court would not appear to be controlling in this transferred case.
I reiterate in conclusion that since our jurisdiction in this matter does not clearly appear, I think it appropriate for the general *475 policy reasons indicated in the Court's opinion to transfer this case (and similar cases) to a forum below having jurisdiction.