QUESTION: Are gifts and gratuitous transfers of real property to public agencies included within the purview of the phrase "or otherwise conveyed" as that phrase is utilized in s. 286.23(1), F.S. (1974 Supp.)?
SUMMARY: Gifts and gratuitous transfers of real property to public agencies are not included within the purview of the phrase "or otherwise conveyed" as that phrase is utilized in s. 286.23(1), F.S. (1974 Supp.). Section 286.23(1), F.S. (1974 Supp.) (Ch. 74-174, Laws of Florida), provides in pertinent part as follows: Any person or entity holding real property in the form of a partnership, limited partnership, corporation, trust, or any form of representative capacity whatsoever for others, except as otherwise provided in this section, shall, before entering into any contract whereby such real property held in representative capacity is sold, leased, taken by eminent domain, or otherwise conveyed to the state or any local governmental unit, or an agency of either, make a public disclosure in writing, under oath and subject to the penalties prescribed for perjury, which shall state his name and address and the name and address of every person having a beneficial interest in the real property, however small or minimal. . . . (Emphasis supplied.) When read alone and not in conjunction with the remainder of the sentence in which it appears, the phrase "or otherwise conveyed" italicized above might be interpreted as including gifts or gratuitous transfers of real property within its purview. See Black's Law Dictionary (Rev. 4th Ed. 1968), p. 402, defining "conveyance" to mean "any transfer of title [to real property], legal or equitable." However, it is a well-established rule of statutory construction that, where a statute employs general and specific words or terms which are capable of analogous meaning when associated together, such words take color from each other so that the general words are restricted to a sense analogous to the less general (noscitur a sociis). State ex rel. Wedgworth Farms, Inc. v. Thompson,101 So.2d 381, 385 (Fla. 1958); 2A Sutherland Statutory Construction s. 47.16, p. 101. A variation of this rule is the doctrine that, where general words follow specific words in an enumeration describing the legal subject, the general words are construed to embrace only objects similar in nature to those objects enumerated by the preceding specific words (ejusdem generis). [See] 2A Sutherland Statutory Construction s. 47.17, p. 103. Under this latter doctrine, where the enumeration of specific things is followed by a more general word or phrase, the general phrase is construed to refer to those things included within the preceding limiting terms. State ex rel. Soodhalter v. Baker, 248 So.2d 468,471 (Fla. 1971).
Applying these rules and doctrines of statutory construction to s.286.23(1), F.S., the enumerated terms preceding the general phrase "or otherwise conveyed," are "sold, leased, [and] taken by eminent domain." Each of these enumerated terms, as commonly defined, contemplates transactions involving consideration or compensation. See Black's Law Dictionary (4th Rev. Ed. 1968), p. 1503, defining "sale" as "[a] contract between two parties, called, respectively, the `seller' (or vendor) and the `buyer,' (or purchaser,) by which the former, in consideration of the payment or promise of payment of a certain price in money, transfers to the latter the title and the possession of property"; (Emphasis supplied.) Webster's Third New International Dictionary (Unabridged 1966), p. 1286, defining "lease" as "a contract by which one conveys lands, tenements, or hereditaments for life, for a term of years, or at will or for any less interest than that of the lessor, usually for a specified rent or compensation"; (Emphasis supplied.) and Black's Law Dictionary (4th Rev. Ed. 1968), p. 364, defining "condemnation" as "[t]he process by which property of a private owner is taken for public use, without his consent, but upon the award and payment of just compensation, being in the nature of a forced sale and condemner stands toward owner as buyer toward seller." (Emphasis supplied.) In contrast, Black's Law Dictionary (4th Rev. Ed. 1968), p. 817, defines "gift" to mean "[a] parting by owner with property without pecuniary consideration." (Emphasis supplied.) See also id. at p. 830, for definition of "gratuitous"; and 38 C.J.S. Gifts ss. 1 and 7. Thus, within the context of the doctrine of ejusdem generis — i.e., construing the general phrase to embrace only objects similar in nature to those objects enumerated by the preceding specific words — the phrase "or otherwise conveyed" appearing in s. 286.23(1), F.S. (1974 Supp.), should be construed to embrace only those types of conveyances or transfers of land, or an interest therein, to governmental agencies which involve consideration of payment or promise of payment of a certain price or rent, and to exclude gifts and gratuitous transfers of real property to public agencies. The foregoing construction of the phrase "or otherwise conveyed" would appear to be consistent with the apparent legislative intent in enacting s. 286.23(1), F.S. (1974 Supp.), to disclose those persons who will enjoy pecuniary benefit because of their beneficial interest in property conveyed to the state or local governmental units. See s. 286.23(4), id. Your question in answered in the negative.