JACKSON COUNTY, *Plaintiff in Error*, v. AUBREY STEWART, *Defendant in Error*.

Opinion Filed May 12, 1917.

Under the provision of the constitution that the legal costs in criminal cases shall be paid by the counties, under such regulations as shall be prescribed by law, a county will not be held liable for such costs unless the statutory regulations in regard thereto are complied with.

Writ of Error to Circuit Court for Jackson County; Cephas L. Wilson, Judge.

Judgment reversed.

*Price & Carter* for Plaintiff in Error;

*Jas. H. Finch*, for Defendant in Error.

WHITFIELD, J.—Stewart brought an action against the county to recover as costs the amounts he had paid to

his witnesses for their witness fees in a criminal prosecution against him in which he was discharged. ·

The following pleas were filed:

"1. It never was indebted as alleged.

"2. That the claim sued on and alleged to have been presented to the Board of County Commissioners of said county and refused by them does not, and did not when so presented, show that no more than two of said witnesses to prove the same fact were summoned and served as defendant's witnesses in said criminal prosecution, and this defendant avers the fact to be that more than two witnesses to prove the same fact, to-wit: three or more, are charged for in said claim; that all the witnesses included in said claim exceeding six, were and are in excess of two to the same fact, and the said Board of County Commissioners were not informed as to which witnesses were so in excess, and plaintiff refused to inform said Board, whereupon the said Board declined to act upon said claim until said information should be forthcoming, or they would otherwise ascertain said fact, in order to enable them to certify what portion of said claim was just, correct and reasonable, and that no unnecessary or illegal item was included therein.

"3. That the claim sued on was never, prior to the institution of this suit, acted upon by the said Board of County Commissioners, to approve its payment, or decline payment, but said Board declined to act upon it for the reason given plaintiff at the time, that said claim was not made up and presented in accordance with Sections 4063 and 4064, General Statutes of Florida, which limit the county's liability for the pay of defendant's witnesses in like cases to two witnesses to the same fact, and require that claim against the county for such fees and expenses be itemized in a bill or statement, in such manner as to

enable the Board of County Commissioners to certify thereon that the same is just, correct and reasonable, and that no unnecessary or illegal item is contained therein, in which respects defendant avers that said claim so presented was fatally lacking."

Demurrers to the pleas were sustained, and the defendant not desiring to plead further, final judgment on the demurrers was rendered for the plaintiff, and the defendant took writ of error.

Section 9, Article XVI, of the Constitution as amended in 1894, provides that: "In all criminal cases prosecuted in the name of the State, when the defendant is insolvent or discharged, the legal costs and expenses, including the fees of officers, shall be paid by the counties where the crime is committed, under such regulations as shall be prescribed by law;" * * * . Compiled Laws, 1914, CIII.

The statutes to be considered are:

"No defendant in a criminal prosecution who shall be acquitted or discharged therefrom shall be liable for any costs or fees of the court of any ministerial office, or for any charge of subsistence while detained in custody. And if he shall have paid any taxable costs in the case, the clerk or justice shall give him a certificate of the payment of such costs, with the items thereof, which, when audited and approved according to law, shall be refunded to him by the county."

In all criminal cases prosecuted in the name of the State in the circuit courts or criminal courts of record in this State where the defendant is insolvent or discharged, the county shall pay the legal expenses and costs, as is prescribed for the payment of costs incurred by the county in the prosecution of such cases: Provided, That there shall not be more than two witnesses summoned

Jackson Co. v. Stewart—Opinion of Court.

and paid to prove the same fact; and Provided, further, That before any witness is subpoenaed on behalf of a defendant in the circuit or criminal court an application shall be made to the judge, in writing, on behalf of the defendant, setting forth the substance of the facts sought to be proven by the witness or witnesses, making affidavit that the defendant is insolvent, and if upon such showing the judge is satisfied that the witness or witnesses are necessary for the proper defense of the defendant, he shall order that subpoena issue, and that the costs as herein provided shall be paid by the county, and not otherwise. The provisions of this section shall not apply to any courts other than the circuit courts and the criminal courts of record." Sections 4062 and 4063, General Statutes, 1906, Florida Compiled Laws, 1914.

Under the quoted organic mandate when the defendant in a criminal prosecution "is insolvent or discharged" "the legal costs" shall be paid by the county "under such regulations as shall be prescribed by law." The quoted statutes prescribe the regulations that control in the payment by the county of costs in criminal prosecutions when "the defendant is insolvent or discharged." The special pleas in this case clearly indicate that the statute was not observed, and this is admitted by the demurrer. Such statutory provisions are mandatory.

As the plaintiff did not comply with the statute, the judgment in his favor against the county is erroneous, and is reversed.


BROWNE, C. J., and TAYLOR, SHACKLEFORD and ELLIS, JJ., concur.