Francis T. Murphy, Jr., J.
Defendants move for a judicial review and a retaxation of the bill of costs and disbursements herein, pursuant to CPLR 8404.
The instant action was tried before the court and a jury on October 13, 14, 15, and 18, 1965 and resulted in a direction of a verdict by the court in favor of the defendants.
On January 10,1966 counsel for both the plaintiff and defendants appeared before the Clerk on notice for the purpose of taxing costs and disbursements. The Clerk disallowed and struck the following items of disbursements from the defendants’ bill of costs:
1. Legal fees paid for obtaining certified copies of
papers used on trial of this action............... $98.42
2. Expenses incurred in translating legal documents and records required for the defense and used on the trial of this action......................... $500.00
*748 The action was brought on a policy of marine protection and indemnity issued by the defendants in 1949, insuring several of the plaintiff’s vessels, including the S. S. Mormacsaga, against certain risks and liabilities as set forth in the policy. The S. S. Mormacsaga was subsequently involved in an accident in Argentina with a tugboat. The vessel Mormacsaga was arrested in Buenos Aires, Argentina, by the tug’s owners but was released upon the delivery by the plaintiff herein of a bank guarantee for 1,100,000 Argentine pesos and upon deposit in escrow of the amount of 1,100,000 Argentine pesos. Thereafter, in 1949, the owners of the tug aforementioned commenced suit against the plaintiff herein in Argentina. This suit was not finally concluded and determined until 1958, at which time a judgment for Argentine pesos was entered against the vessel S. S. Mormacsaga in Argentina.
Upon payment of the judgment in Argentine pesos, plaintiff filed claim against the defendants herein, who had paid plaintiff the dollar equivalent of the Argentine pesos as of the date the plaintiff paid the judgment. During the nine-year period that elapsed before the determination of the Argentine suit, the Argentine peso had substantially depreciated. Plaintiff in the instant action brought in 1962 claimed it was entitled to the dollar equivalent of the Argentine peso at the time the vessel was released from arrest (1949), rather than the value as it in fact existed in 1958 at the time of the final determination of the matter.
In order to sustain its defense the defendants were required to and did show the nature and effect of various court proceedings held in Argentina. The defendants, in connection with the preparation of their defense, were required to procure authenticated copies of pertinent records, documents, and papers relating to the Argentine action, as well as the deposit of the 1,100,000 pesos made to secure the release of the vessel in Argentina. These documents and records were essential to a proper understanding of what had previously happened between the parties and essential to the proofs in the instant case. The Argentine records and documents referred to were all in Spanish and consequently it was necessary that they be translated into English. CPLR 2101 (subd. [b]) provides: “ Each paper served or filed shall be in the English language * * * Where an affidavit or exhibit annexed to a paper served or filed is in a foreign language, it shall be accompanied by an English translation and an affidavit by the translator stating his qualifications and that the translation is accurate ”. CPLR 8301 (subd. [a], par. 4) provides that a party to whom costs are awarded in an *749 action is entitled to tax disbursements for “ the legal fees paid for a certified copy of a paper necessarily obtained for use on the trial ”,
It appears that the defendant caused some 33,000 words to be translated from Spanish to English in preparation of its defense, at a cost of $500. CPLR 8301 (subd. [a], par. 12) provides that a party is entitled to tax disbursements for ‘ ‘ such other reasonable and necessary expenses as are taxable according to the course and practice of the court, by express provision of law or by order of the court. ”
At the trial of the action the plaintiff, upon consent and stipulation of the parties, offered as their own exhibit and in evidence many of the authenticated copies of the documents and records obtained from Argentina by the defendants, for which the defendants presently seek to tax as disbursements herein. The plaintiff contends that the exhibits and documents referred to represented less than 25% of the entire translated matter, and that they may not be taxed for the expense in question. Certainly, it cannot be denied that in order to secure what the parties regarded as appropriate to the trial of this action, it was necessary to translate the entire text of the foreign proceedings, for only when it was translated into the English language could the attorneys determine what was vital to this action. Under the circumstances, it would appear that the defendants are entitled to tax as reasonable and necessary the disbursements incurred in the amount of $500, relating to the translations of the prior Argentine record and related Spanish documents, as well as the cost of the certification of foreign documents in the amount of $98.42.
Accordingly, the motion is granted, and the Clerk of the court is directed to retax the costs and disbursements herein in accordance with this decision.