DEKLE, Justice.
This cause comes to us as a question of great public interest duly certified by the Third District Court of Appeal under Fla. Const, art. V, § 4(2) (1968), F.S.A.
A Criminal Court of Record Judge for Dade County awarded a fee to an attorney whom he had appointed to prosecute two cases which the state attorney could not do because of possible prejudice to defendants. There is no challenge to the propriety of the appointment,[1] or to the performance of services rendered by the appointed attorney, who is a petitioner here. The question raised is the authority of the Judge to order Dade County to pay the fee which the court set. The Third District Court of Appeal said in its able opinion that the Judge could not,[2] and we agree. However, a reasonable fee must be paid by the County under Fla.Stat. § 142.09, F.S. A.,[3] just as the costs of the prosecutions must be paid by the County, the payment of the latter having been affirmed by the district court. The provision for compensation in Fla.Stat. § 32.17, F.S.A., cited in the DCA opinion does not apply under the different circumstances here.
Section 142.09 is applicable here under its first provision that: “If the defendant is not convicted, * * * the fees of witnesses and officers [and the prosecuting attorney is obviously an officer in the prosecution of the two causes] arising from criminal causes shall be paid by the county in the manner specified in §§ 142.-10-142.12.”[4] (Emphasis supplied) It is the County’s prerogative to determine what a reasonable fee should be, and among its considerations may be the fee recommended by the trial judge as well as all other appropriate factors, including the consideration that “the laborer is worthy of his hire.” [5]
Since §§ 142.10-142.12 have not been invoked in this litigation, the cause is remanded for appropriate proceedings thereunder. Should the County reject any part of the fee submitted by petitioner, then of course the provisions of § 142.13 could be activated by suit against the County.
We accordingly modify the holding and opinion of the District Court of Appeal in the respects herein indicated and otherwise *867 approve, so the writ of certiorari is granted in part and denied in part.
It is so ordered.
ROBERTS, C. J., and ERVIN, ADKINS and BOYD, JJ., concur.
DREW (Retired) J., dissents with opinion.
HODGES, Circuit Judge, dissents with opinion.

. Kirk v. Baker, 224 So.2d 311 (Fla.1969).

. Dade County v. Carr, 231 So.2d 844 (3d DCA Fla.1970).

. Fla.Const. art. XVI, § 9, of 1885 (still valid as a “statute” under the “savings clause” of Fla.Const. art. XII, § 10, of 1968) similarly provides that “the legal costs and expenses, including the fees of officers, shall be paid by the counties * * * ” in cases where the defendant “is insolvent or discharged.” Fla.Stat. § 142.09 et seq. is simply appropriate legislation under this provision. Payments are to be paid out of the fine and forfeiture fund which is created for this purpose, as provided in these sections.

. If defendants had been convicted, the fee would have been payable by the defendants under § 939.01 or by the County under § 142.09 if defendants were insolvent.

. LUKE 10:07 (cited in I Timothy 5:18).