260 So.2d 543 (1972)
DADE COUNTY, Etc., Petitioner,
v.
Jesse J. McCRARY, Jr., et al., Respondents.
No. 71-1236.
District Court of Appeal of Florida, Third District.
March 28, 1972.
Rehearing Denied May 2, 1972.
*544 Stuart L. Simon, County Atty., and Murray A. Greenberg, Asst. County Atty., for petitioner.
Richard E. Gerstein, State's Atty., Jesse J. McCrary, Jr., Tobias Simon, Miami, for respondents.
Before BARKDULL, C.J., and PEARSON and CHARLES CARROLL, JJ.
CARROLL, Judge.
By petition for certiorari Dade County seeks review of an order of the criminal court of record which ordered payment by the county of a fee awarded by the court to an attorney for his services in representing the judge of that court as respondent in a prohibition action.
The defendant in a criminal prosecution for robbery in the criminal court of record filed a suggestion in prohibition in the Supreme Court, to restrain the court from trying him on the charge, having become entitled to discharge for failure of the state to bring him to trial within the time required, after appropriate demand, under § 915.01 Fla. Stat., F.S.A., the speedy trial law effective in that case. His motion for discharge was denied by the trial court on the ground that the statute invoked was unconstitutional, with the result that jurisdiction of the prohibition action was in the Supreme Court. See State ex rel. Owens v. Pearson, Fla. 1963, 156 So.2d 4.
A rule nisi in prohibition was issued. On final hearing the Supreme Court held the response asserting invalidity of the statute was insufficient as a defense to the prima facie case made by the suggestion, and the rule nisi in prohibition was made absolute. See State ex rel. Williams v. Baker, Fla. 1971, 247 So.2d 316. Thereafter the Supreme Court entered an order discharging Williams from the crime. See State ex rel. Williams v. Baker, Fla. 1971, 248 So.2d 650.
Pending the prohibition action, the respondent trial judge entered an order in which, after reciting he had appeared and argued in proper person at one hearing thereon in the Supreme Court and had filed a brief, and that a further hearing had been scheduled by the Supreme Court, the respondent here, Jesse J. McCrary, Jr., a practicing attorney of Dade County, was appointed "Acting State Attorney", to represent the respondent judge. The attorney thus appointed so proceeded in that cause, the outcome of which, as noted above, was adverse to the respondent judge.
Following the judgment of the Supreme Court in the prohibition action, the trial court made the order here under review, allowing the attorney a fee and ordering it paid by the county.
The contention of the respondent McCrary that Dade County does not have *545 standing to seek review of the challenged order by certiorari, is without merit. See Dade County v. Carr, Fla.App. 1970, 231 So.2d 844; Dade County v. Baker, Fla. App. 1970, 237 So.2d 545; Dade County v. Strauss, Fla.App. 1971, 246 So.2d 137; Dade County v. Baker, Fla.App. 1972, 257 So.2d 583.
The petitioner Dade County contends the trial court was without authority in law to award the attorney's fee and require its payment by the county. The respondent argues that his appointment by the trial court as Acting State Attorney was authorized by § 32.17 Fla. Stat., F.S.A., and that the fee allowed for his services was properly the obligation of the county, as provided for in the order of the trial court. Upon weighing those contentions we hold the position asserted by the county is correct.
The first question to be decided here is whether the appointment of an acting state attorney was authorized by law in the situation involved. If it was, then the amount fixed by the trial court as a fee to be paid to such "official" would not be controlling, and it would be the prerogative of the county to determine the amount of a reasonable fee to be paid for the services performed by the official (with the figure suggested by the trial court being considered along with all other appropriate facts), as provided for in §§ 142.10-142.12 Fla. Stat., F.S.A., with right of the fee applicant, under § 142.13, to test the propriety of rejection by the county of any part of the fee so claimed and submitted. See Carr v. Dade County, Fla. 1971, 250 So.2d 865.
We hold, however, there was an absence of authority in law for the appointment of the attorney by the trial court as the "Acting State Attorney", in the situation presented and for the purposes for which the appointment was made.
Under § 32.17 Fla. Stat., F.S.A. a trial judge is empowered to appoint a substitute or acting state attorney where one of three situations prevails, namely: (1) when there is a vacancy in the office, (2) when the state attorney is absent, or (3) when for some reason the state attorney (and that would include his duly appointed assistants) is unable to perform the duties of the office. None of those conditions existed. The reason assigned in the appointment order, that the court felt it would be in the best interest of justice to appoint an acting state attorney, is not a ground provided therefor by law.
Nor was there basis for such appointment of an acting state attorney to be made by the trial court in exercise of its inherent power, without an established necessity such as could exist in event of absence of the state attorney or an inability of the state attorney (or any of his duly appointed assistants) to perform the duties involved. In Blitch v. Buchanan, 100 Fla. 1202, 131 So. 151, 154, it was held that a court has power "to appoint suitable persons to perform functions in the court or to execute its orders and mandates, when no officer is available for that purpose." In Pelaez v. State, 107 Fla. 50, 144 So. 364, 365, it was recognized that a court has the inherent power to appoint some suitable person to perform the duties of an official prosecutor, temporarily during the absence of the latter or his inability to act. Therefore, the status of the attorney appointed to represent the respondent judge in the prohibition action was not that of a state or county official, but was that of an individual practicing attorney. In the absence of statutory direction or authority for an attorney performing such services to be compensated out of public funds, there was no legal basis for the (prohibition) respondent judge to award him compensation, and a fortiori no obligation upon the county to pay a fee to the attorney for so serving.
When a court in exercise of its inherent power requests or appoints a practicing attorney to undertake a representation, where no provision is made by law for public compensation of the attorney, *546 whether the appointment is to represent an indigent, or to represent a court in opposing prohibition or in prosecuting a contempt, it is the duty of the lawyer to respond, and to so serve without compensation. This is so because attorneys are a privileged class which alone is permitted to practice in the courts, and their privileges as such carry corresponding duties and obligations, including the undertaking of those representations when called upon by a court, notwithstanding the services thus performed otherwise could justify substantial compensation. Those features were discussed by the Supreme Court of Missouri in State ex rel. Gentry v. Becker, 1943, 351 Mo. 769, 174 S.W.2d 181.
For the reasons assigned, we are impelled to grant certiorari, and the challenged order of the criminal court of record hereby is quashed.
It is so ordered.