HOBSON, Judge.
This cause is before us on appeal from an order assessing costs and directing the Board of County Commissioners of Collier County to pay the costs expended by appel-lees in the defense of a criminal cause in which they had been discharged after their convictions had been reversed by the Supreme Court of Florida.
The State contends that the order directing the board to pay costs was issued in direct contravention of F.S. § 939.08 F.S.A., relying on Carr v. Dade County, Fla.1971, 250 So.2d 865. The question of the payment of costs was not before the Supreme Court in Carr, since the only question raised in that court related to the authority of the judge of the criminal court of record to order Dade County to pay the fee which the court set for the services of an attorney appointed by the court to prosecute two criminal cases.
Article I, § 19, of the Florida Constitution authorizes the reimbursement of costs to defendants who have been acquitted or discharged in a criminal prosecution. The legislature has duly implemented this constitutional mandate by statutes. See F.S. § 939.06 F.S.A. (Art. XVI, § 9 of the 1885 State Constitution became a statute pursuant to Art. XII, § 10 of the schedule of the 1968 constitutional revision). Warren v. *91 Capuano, Fla.App.4th 1972, 269 So.2d 380, affirmed, Fla., 282 So.2d 873.
F.S. Section 939.06 F.S.A. provides that if a defendant who has been acquitted or discharged shall have paid any taxable costs in the case, the clerk or judge shall give him a certificate of the payment of such costs, with the items thereof, which, when audited and approved according to law, shall be refunded to him by the county-
In the case sub judice, instead of certifying the costs to the board as provided for in F.S. § 939.06 F.S.A., the trial judge ordered the board to pay the costs.
Since the trial court did not comply with the provisions of § 939.06, the order must be reversed; Jackson County v. Stewart, 73 Fla. 1060, 75 So. 543 (1917), and the cause remanded for appropriate proceedings under the statute.
Reversed and remanded.
MANN, C. J., and GRIMES, J., concur.