HUBBART, Judge.
This is an original petition for a writ of quo warranto and prohibition filed by the Attorney General of Florida and the State Attorney for the Eleventh Judicial Circuit of Florida challenging the authority of the respondent Philip T. Weinstein to represent the State of Florida in an interpleader action before the United States District Court for the Southern District of Florida. Mr. Weinstein bases his authority to represent the State of Florida in such federal action on a court order appointing him as an acting state attorney, which order was entered by the respondent Honorable H. Paul Baker as Judge of the Circuit Court for the Eleventh Judicial Circuit of Florida. This court entered a rule to show cause why an alternative writ of quo warranto should not issue. Subsequent thereto, the respondents Weinstein and Baker have filed a motion to dismiss and answer to the petition for writ of quo warranto as well as a brief in opposition to the said petition.
We have jurisdiction to entertain the instant proceeding as a petition for a writ of quo warranto. The critical facts essential to our decision are undisputed and the authority of an acting or assigned state attorney must be tested in direct proceedings by quo warranto, not by direct appeal as contended by the respondents. Austin v. State ex rel. Christian, 310 So.2d 289 (Fla.1975); Hart v. State, 144 Fla. 409, 198 So. 120 (1940); Carey v. State, 349 So.2d 820 (Fla.3d DCA 1977); State v. Viscito, 349 So.2d 196 (Fla.3d DCA 1977); Article V, Section 4(b)(3), Florida Constitution; Fla.App. Rule 4.5(e). Accordingly, the respondents’ motion to dismiss the petition herein for lack of jurisdiction is denied.
The central issue raised by the petition and return is whether a judge of a circuit court in Florida has the inherent or statutory authority under Section 27.16, Florida Statutes (1975), to appoint an acting state attorney to represent the State of Florida in an action pending before a federal court. We hold that a circuit court judge lacks such authority and issue the writ of quo warranto. Only the Attorney General of Florida may represent the State of Florida in a federal court action.
The facts which give rise to the present controversy are as follows. On February 9, 1977, subsequent to the termination of a criminal prosecution before the Circuit Court for the Eleventh Judicial Circuit of Florida, the Honorable H. Paul Baker as presiding judge at the trial entered an order disposing of certain monies seized by *1253 the police from the defendants in the case. A portion of these monies were escheated to the state and the balance was given to the defendants and the defendants’ attorney. At the request of the State, however, the judge stayed his order with reference to that part of the monies which pertained to a possible perjury charge which the state was then investigating against one of the defendants in the case.
On March 4, 1977, the respondent judge entered an order appointing the respondent Philip Weinstein as Acting State Attorney for the Eleventh Judicial Circuit of Florida for the sole purpose of representing the State of Florida in the investigation of all matters concerning a petition filed by the defendants in the case for the issuance of a rule to show cause why certain parties should not be held in indirect criminal contempt of the court for willful disobedience of the court’s aforementioned February 9, 1977 order. The March 4, 1977, order was entered with the acquiescence and at the behest of the State Attorney for the Eleventh Judicial Circuit acting through his executive assistant based on conflict of interest grounds because one of his assistants was apparently involved in the alleged contempt of court. The respondent Weinstein was authorized to prepare a rule to show cause for the court’s signature, if appropriate, and to thereafter prosecute the matter before the court. The respondent judge’s authority to enter such an order is not questioned by these proceedings as such an order was eminently proper. Section 27.16, Florida Statutes (1975); Fla.R.Crim.P. 3.840(a)(4).
On April 4, 1977, the respondent judge entered his third order relevant to this cause which broadened the respondent Weinstein’s authority as acting state attorney as follows:
“ORDERED that the HONORABLE PHILIP T. WEINSTEIN continue in his capacity as an Acting State Attorney by virtue of this Court’s order of March 4, 1977 and is hereby authorized and directed under the authority of Chapter 27.02 F.S. and Chapter 27.05 F.S. to represent all interests of the State of Florida concerning certain money and/or property which this Court is advised is presently in the registry of the United States District Court for the Southern District of Florida, said money and/or property being the subject matter of Case No. 77-209-Civ-JE.”
The monies and property referred to in this order involved the same monies and property upon which the court had entered and partially stayed its February 9, 1977 order and which by then rested and still rests in the registry of the' United States District Court for the Southern District of Florida in a pending interpleader action. It is this order which is challenged by these quo war-ranto proceedings.
The law is well-settled that a circuit court judge in Florida has the inherent authority, as well as the statutory authority under Section 27.16, Florida Statutes (1975), to appoint an acting state attorney to act as a prosecuting officer for the State of Florida in a particular case or cases pending before the said circuit court judge where inter alia the state attorney for that circuit refuses or shall be unable or disqualified to act. Such an acting state attorney shall discharge the duties imposed by law on the state attorney in that particular case or cases. This authority, however, is confined solely to appointments in cases pending before the circuit court making the appointment, not to actions pending before a federal court. State ex rel. Harris v. McCauley, 297 So.2d 825 (Fla.1974); Kirk v. Baker, 224 So.2d 311 (Fla.1969); Taylor v. State, 49 Fla. 69, 38 So. 380 (1905); Dade County v. McCrary, 260 So.2d 543 (Fla.3d DCA 1972). Only the Attorney General of Florida has the authority to represent the State of Florida in an action pending before a federal court in Florida. Section 16.01, Florida Statutes (1975). A state attorney or an acting state attorney has no such authority because their powers extend solely to representing the state in actions pending before a Florida court. Sections 27.01, 27.05, 27.16, Florida Statutes (1975).
Measured by these standards, it is clear that the respondent Weinstein has no authority to represent the State of Florida as *1254 an acting state attorney in the interpleader action pending before the United States District Court for the Southern District of Florida. The April 4, 1977 order of the respondent circuit court judge herein purporting to so appoint the respondent Wein-stein is invalid for two reasons: (1) the appointment pertains to a case which was not pending before the circuit court judge who made the appointment but is presently pending before a federal court judge, (2) the appointment conferred on the acting state attorney authority not enjoyed by the state attorney whom he replaced, namely, the power to represent the State of Florida in a federal court action.
The writ of quo warranto shall, accordingly, issue divesting the respondent Philip T. Weinstein from representing the State of Florida in the pending federal interpleader action. The Attorney General of Florida has the sole and exclusive authority to represent the State of Florida in such action. Mr. Weinstein’s authority to represent the State of Florida as an acting state attorney in the pending contempt action before Judge Baker, however, is unaffected by this decision.
Writ granted.