354 So.2d 131 (1978)
DADE COUNTY, a Political Subdivision of the State of Florida, Petitioner,
v.
Honorable Rhea P. GROSSMAN, Judge of the Circuit Court of the Eleventh Judicial Circuit, in and for Dade County, Florida, Lawrence Rodgers, and Essie Mae Green, Respondents.
No. 77-1352.
District Court of Appeal of Florida, Third District.
January 24, 1978.
Stuart L. Simon, County Atty., and Clifford A. Schulman, Asst. County Atty., for petitioner.
Horton, Perse & Ginsberg and Arnold R. Ginsberg, Brumer, Moss, Cohen & Rodgers, Miami, for respondents.
Before HENDRY and HUBBART, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
HENDRY, Judge.
Dade County, by petition for writ of certiorari, seeks review of a final judgment which ordered it to pay attorney's fees and costs to a court-appointed attorney in a civil suit.
The subject suit, Herdisene Latanya Griffin, f/u/b/o Shelby Mutual Insurance Company v. Essie Mae Green, Case No. 74-22599, in the Circuit Court of the Eleventh Judicial Circuit, alleged a cause of action for subrogation of an insurance claim paid by Shelby and alleged due and owing through said subrogation from Green. Dade County, the petitioner herein, was not a party to the lawsuit.
Pursuant to an ore tenus motion from Ms. Green, the court determined that while she did not qualify for representation by Legal Services, she was nonetheless "indigent in terms of being able to afford the services of a private lawyer." In response to said motion, counsel was appointed to represent Ms. Green in the subrogation action. By order, attorney's fees and costs were to be paid by the county.
The lawsuit was subsequently settled by stipulation of counsel and final judgment entered by the court directing the county to pay attorney's fees and costs to Green's attorney. It is this final judgment which is now under review.
Initially, we note that certiorari proceeding is the proper method for review of an order taxing costs and attorney's fees entered against the county in a suit to which it was not a party. Dade County v. Baker, 237 So.2d 545 (Fla. 3d DCA 1970); Dade County v. McCrary, 260 So.2d 543 *132 (Fla. 3d DCA 1972). With that in mind, our attention is now focused on the only question that need be addressed by this court, to-wit:
Whether the trial court departed from the essential requirements of law in taxing the county for costs and fees in a civil action (insurance subrogation) to which it was not a party.
For the reason that follows, we hold that the court did so depart from the essential requirements of law and quash the judgment.
It is well settled in Florida, that attorney's fees may not be awarded in any matter unless specifically authorized by statute or agreement between the parties. Phoenix Indemnity Company v. Union Finance Company, 54 So.2d 188 (Fla. 1951); In Re Field's Estate, 121 So.2d 46 (Fla. 1st DCA 1960). As there was no agreement on behalf of the county to pay attorney's fees herein, it was incumbent upon the court to base the award of fees and costs upon statutory authority. Dade County v. McCrary, supra. We find no such statutes authorizing the county to absorb court costs and legal fees in a civil insurance subrogation matter to which it was not made a party. See Bower v. Connecticut General Life Insurance Company, 347 So.2d 439 (Fla. 3d DCA 1977).
Accordingly, after carefully reviewing the record, briefs and arguments of counsel, it is our opinion that the trial court departed from the essential requirements of law and therefore, certiorari is hereby granted and the judgment of the trial court quashed.
It is so ordered.