Mr. James D. Sloan County Attorney Hendry County 461 Highway 29 South Post Office Drawer 1820 LaBelle, Florida 33935
Dear Mr. Sloan:
This is in response to your request, in your capacity as County Attorney for Hendry County, for an opinion on substantially the following questions:
 1. WHEN AN INTERPRETER IS HIRED MERELY TO INTERPRET DURING IN-OFFICE ATTORNEY-CLIENT CONSULTATIONS, BETWEEN THE PUBLIC DEFENDER AND A CRIMINAL DEFENDANT, ARE THE INTERPRETER'S FEES TAXABLE TO THE COUNTY AS COSTS?
 2. ARE THE FEES INCURRED WHEN THE INTERPRETER IS USED FOR DEPOSITIONS WHICH ARE NOT SUBSEQUENTLY USED IN A COURT PROCEEDING TAXABLE TO THE COUNTY AS COSTS?
Your letter of inquiry states that a question has arisen concerning who is responsible for payment of interpreter's fees incurred by the office of the public defender in your judicial circuit. These interpreters are used during client interviews conducted prior to trial by the public defender and also during taking of depositions. Basically, you need to know whether these two categories of fees are taxable to the county as costs or, instead, are merely operational expenses of the public defender's office.
As a general rule, costs may be imposed and recovered only where there is statutory authority therefor, and in such instances only to the extent and in the manner provided for by statute. At common law, recovery of costs in criminal cases was unknown. Consequently, it is the general rule that recovery or allowance of costs in criminal cases rests entirely on statutory provisions, and that no liability therefor exists in the absence of statutory authorization. Moreover, such statutes are to be strictly construed. 20 C.J.S. Costs s. 435. As a general rule, at common law, counties are not liable to pay costs, and where the common law rule is abrogated by statute, the county is liable only to the extent and in the manner provided thereby and only where the requisite statutory steps have been taken. Id., s. 441, citing, e.g., Jackson County v. Stewart, 75 So. 543 (Fla. 1917) (construing early, 1914 version [ss. 4062, 4063 General Statutes 1906, Fla.Comp. Laws 1914] of costs statute and also construing s. 9, Art. 16, State Const. 1885, as amended 1894, emphasizing language in both provisions that costs shall be paid by the county "as shall be prescribed by law"). (e.s.) A strict construction of such costs statutes is in accord with the rule of statutory construction that a statute in derogation of common law must be strictly construed. E.g., In Re Levy's Estate, 141 So.2d 803 (2 D.C.A.Fla., 1962); Southern Attractions, Inc. v. Grau,93 So.2d 120 (Fla. 1956).
Moreover, Florida follows the general rule concerning costs in criminal cases that no liability for such costs exists independent of statutory authorization. Attorney General Opinions 84-26; 84-71; 84-94, citing, Warren v. Capuano, 269 So.2d 380 (4 D.C.A.Fla., 1972), affirmed, 282 So.2d 873 (Fla. 1973); Lindsey v. Dykes, 175 So. 792 (Fla. 1937); Wood v. City of Jacksonville,248 So.2d 176 (1 D.C.A.Fla., 1971). See generally, 20 Am.Jur.2d Costs s. 100; 20 C.J.S. Costs ss. 435, 437B., 441, 453, 454, and 456. The courts of this state have applied this general, prevailing rule when a determination of the costs for which a county is liable in criminal prosecutions must be made. See, e.g., Doran v. State, 296 So.2d 86 (2 D.C.A.Fla., 1974); Benitez v. State,350 So.2d 1100 (3 D.C.A.Fla., 1977), cert. denied, 359 So.2d 1211
(Fla. 1978); Holton v. State, 311 So.2d 711 (3 D.C.A.Fla., 1975).
In recent years, however, the courts have supplemented this general rule in the exercise of the judiciary's inherent power in order to implement certain constitutional principles securing to indigent defendants the right to a fair trial under theSixth Amendment to the United States Constitution. See, e.g., Rose v. Palm Beach County, 361 So.2d 135, 137 (Fla. 1978) (where fundamental rights are concerned every court has inherent power to do all things reasonably necessary for the administration of justice within the scope of its jurisdiction). See also, Doran v. State, supra at 87 (determination of which costs may be taxed has been left to the courts); Lunetto v. State, 274 So.2d 251 (2 D.C.A.Fla., 1973). The courts of this state have clearly indicated that they have the authority to assure that an indigent criminal defendant receives a fair trial. See, e.g., Shuman v. State,358 So.2d 1333 (Fla. 1978), wherein the Florida Supreme Court, while it could not point to any statute or court rule making the county liable for such costs, in effect, invoked its inherent power, later articulated in Rose v. Palm Beach County, supra, in determining that the transcript in question was necessary for meaningful appellate review and the indigents had a right thereto, at public expense, under the State and Federal Constitutions. This office, in AGO 84-94, recognized the dichotomy that exists in the area of responsibility for legal costs and expenses incurred by the public defender in the defense of indigent defendants, noting that
 [a]s to criminal prosecutions, if the item in question is determined by the trial court to be taxable as costs, then the county has financial responsibility for its payment or reimbursement, as the case may be; otherwise, the item must be assumed by the public defender incurring the expense, as an operational expense of the public defender's office — an expense which should be properly budgeted and appropriated by the Legislature.
QUESTION ONE
Your first question asks whether the interpreter's fee, incurred during in-office consultations between the public defender's staff and a criminal defendant represented by that office, are taxable to the county as costs. It appears from your letter that these interpreting services are not required pursuant to the discovery process, but rather are merely part of a routine attorney-client conference.
For the following reasons, and applying the rules set forth above as summarized from AGO 84-94, it is my opinion that your first question should be answered in the negative. I am not aware of any state statute or judicial decision which expressly authorizes or requires a county to pay, as an item of cost, interpreter's fees when the interpreter is used during in-office consultations between the public defender's staff and a defendant. Pertinent statutes omit any reference to county payment of such costs. Section 27.54, F.S., provides:
Expenditures for public defender's office. —
 (1) All payments for the salary of the public defender and the necessary expenses of his office, including salaries of his assistants and staff, shall be considered as being for a valid public purpose. Travel expenses shall be paid in accordance with the provisions of s. 112.061.
 (2) No county or municipality shall appropriate or contribute funds to the operation of the offices of the various public defenders, except that a county or municipality may appropriate or contribute funds to pay the salary of one assistant public defender whose sole function shall be to defend indigents charged with violations of special laws or with violations of ordinances of the county or municipality.
 (3) The public defenders shall be provided by the counties within their judicial circuits with such office space, utilities, telephone services, and custodial services as may be necessary for the proper and efficient functioning of these offices. The public defender's office shall also be provided with pretrial consultation fees for expert or other potential witnesses consulted before trial by the public defender; travel expenses incurred in criminal cases by a public defender in connection with out-of-jurisdiction depositions; out-of-state travel expenses incurred by public defenders or by investigators of public defenders while attempting to locate and interrogate witnesses for the public defender in the defense of a criminal case; court reporter costs incurred by the public defender during the course of an investigation and criminal prosecution, which costs are included in a judgment rendered by the trial court against the county in which the crime was committed; post-indictment and post-information deposition costs incurred by the public defender during the course of a criminal prosecution of an indigent defendant, when taxed by the court against the county and included in its judgment against the county under s. 939.15; and the cost of copying depositions of defense witnesses taken by the state attorney if the trial court finds that the copies were necessary for the defense or served a useful purpose in the disposition of the case and includes such cost in its judgment against the county. The office space and utilities to be provided by the counties shall not be less than the standards for space allotment promulgated by the Department of General Services. The counties shall not provide less of these services than were provided in the previous fiscal year.
 (4) No public defender or assistant public defender shall receive from any county or municipality any supplemental salary, except as provided in this section. (e.s.)
As a statute abrogating the common law, s. 27.54(3) is to be given a strict construction. E.g., Southern Attractions, Inc., supra. Application of the maxim expressio unius est exclusio alterius is also appropriate to analysis of s. 27.54(3). E.g., Thayer v. State, 335 So.2d 815, 817 (Fla. 1976); Ideal Farms Drainage Dist. v. Certain Lands, 19 So.2d 234 (Fla. 1944) (where a statute enumerates the things on which it is to operate, or forbids certain things, it is ordinarily to be construed as excluding from its operation all those not expressly mentioned).
Additionally, ss. 939.15 and 939.07, F.S., make no reference to payment of the costs of the above described in-office, nondiscovery use of an interpreter. Section 939.15 provides:
 Costs paid by county in cases of insolvency. — When the defendant in any criminal case pending in any circuit or county court, a district court of appeal or the Supreme Court of this state has been adjudged insolvent by the circuit judge or the judge of the county court, upon affidavit and proof as required by s. 924.17 in cases of appeal, or when the defendant is discharged or the judgment reversed, the costs allowed by law shall be paid by the county in which the crime was committed, upon presentation to the county commissioners of a certified copy of the judgment of the court against such county for such costs. (e.s.)
See, s. 914.11, F.S.; and see, s. 939.07, F.S., which provides:
 Pay of defendant's witnesses. — In all criminal cases prosecuted in the name of the state in the circuit courts or county courts in this state where the defendant is indigent [see, s. 939.05, F.S.] or discharged [see, s. 939.06], the county shall pay the legal expenses and costs, as is prescribed for the payment of costs incurred by the county in the prosecution of such cases, including the cost of the defendant's copy of all depositions and transcripts which are certified by the defendant's attorney as serving a useful purpose in the disposition of the case; provided, that before any witness is subpoenaed on behalf of a defendant in the circuit or county court an application shall be made to the judge, in writing, on behalf of the defendant, setting forth the substance of the facts sought to be proved by the witness or witnesses, making affidavit that the defendant is insolvent, and if upon such showing the judge is satisfied that the witness or witnesses are necessary for the proper defense of the defendant, he shall order that subpoena issue, and that the costs as herein provided shall be paid by *2265 the county, and not otherwise. (e.s.)
See generally, Rule 3.220, Fla.R.Crim.P., the rule on discovery matters in criminal proceedings. That rule provides that after a criminal defendant is adjudged insolvent, the reasonable costs incurred in the operation of those rules shall be taxed as costs against the county. Since the situation described in your first question is seemingly unrelated to discovery, Rule 3.220(k) is not applicable. See also, AGO 73-85. As AGO 84-94 noted, costs in criminal cases where defendant is insolvent are paid by the county as "allowed by law"; accord, s. 9, Art. XVI, State Const. 1885, carried forward as a statute (such costs shall be paid by counties under such regulations as shall be prescribed by law); see also, language in AGO 84-94 (Question 1, p. 247, 1984 Annual Report of the Attorney General) to the effect that none of the statutes on costs taxable to the county impose liability on counties for pretrial consulting services of experts or other individuals in criminal cases, and compare, Goldberg v. County of Dade,378 So.2d 1242 (3 D.C.A.Fla., 1979) (expert fee for psychologist who assisted in jury selection not taxable as costs). While s.27.54(3), as noted supra, was amended in 1985 to provide that the public defender's office "shall also be provided with pretrial consultation fees for expert or other potential witnesses consulted before trial by the public defender," the statute, as written appears to limit the provision of such fees to those incurred for pretrial consultation with potential witnesses, whether expert or otherwise. No evidence has been presented to this office that the interpreter in the instant inquiry was consulted as a potential witness. Numerous other statutes impose liability on counties for various cost items, but none appear to do so for the interpreter's fees described above. See, e.g., ss. 29.05 (transcript); 92.231 (expert witness); 142.09; 914.06 (expert witness); 914.11; 916.11, F.S. Note also, s. 27.54(2), F.S. (no county shall contribute funds to the operation of the offices of the various public defenders). In conclusion, it is my opinion that in the absence of a court invoking its inherent powers, fees paid to an interpreter by the public defender for services rendered during an in-office attorney-client consultation with a criminal defendant are not taxable to county as costs under s. 27.54(3), nor are such fees covered by Fla.R.Crim.P. 3.220(k) since such fees apparently were not incurred as part of the discovery process.
QUESTION TWO
Your second question asks whether the fees incurred when the interpreter is used for depositions (which are not subsequently used in a court proceeding) are taxable to the county as costs. This question is answered in the affirmative.
"Deposition costs" are one of the enumerated items in s. 27.54(3), F.S., that subsection stating in pertinent part and listing cost items that the public defenders shall be provided by the counties:
 The public defender's offices shall also be provided with . . . post-indictment and post-information deposition costs incurred by the public defender during the course of a criminal prosecution of an indigent defendant, when taxed by the court against the county and included in its judgment against the county under s. 939.15; . . . . (e.s.)
See also, ss. 939.15 (referring to costs by county as "the costs allowed by law" [e.s.]; 939.07, F.S. (referring to costs paid by county as prescribed by law for indigent or discharged defendant's witnesses). Cf., s. 11, Ch. 86-168, Laws of Florida. The 1985 Legislature amended s. 27.54(3), F.S., to require payment by the county of certain expenses of the public defender's office. See, s. 4, Ch. 85-213, Laws of Florida. Included in the 1985 amendment was the above-referenced language in s. 27.54(3). Contrast, the response to Question 3, AGO 84-94, drafted prior to enactment of Ch. 85-213. Section 27.54(3) currently places no limitation on the type of "deposition costs" that may be taxed by the court against the county; thus, I cannot state, in the absence of a judicial decision to the contrary and subsequent to the enactment of the 1985 amendment, that if the deposition was not subsequently used at trial or did not serve a useful purpose that the costs necessarily and legitimately incurred in taking such deposition should not be so taxed by the court against the county. The Legislature chose not to place such a limitation in s. 27.54(3) on county payment of deposition costs, while it has placed such a limitation on other items of costs both in s. 27.54(3) and elsewhere. Compare, ss. 27.54(3) ("useful purpose" test applied to county payment of cost of copying defense witness depositions); 939.07 (containing similar language expressing a "useful purpose" test for county payment of cost of defendant's copies of depositions and transcripts); 914.11, F.S.
Concerning whether interpreter's fees necessarily incurred in the taking of a deposition are taxable as costs pursuant to s.27.54(3), F.S., the statute's plain language does not prohibit reimbursement for that or any component of "deposition costs." Additionally, Fla.R.Crim.P. 3.220(k) expressly provides that "[a]fter a defendant is adjudged insolvent, the reasonable costs incurred in the operation of these rules shall be taxed as costs against the county." (e.s.) It would appear that, if the interpreter's fees in question were a necessary and reasonable component of the deposition costs, essential to the taking of the deposition, they would be taxable as costs against the county pursuant to the express language of s. 27.54(3) and Rule 3.220(k). Compare, Moore-McCormack Lines, Inc. v. Aetna Insurance Co.,268 N.Y.S.2d 599 (Sup.Ct.N.Y. 1966) (document translation services taxable costs pursuant to court rule of procedure); Franconi v. Graham, 174 P. 548 (Or. 1918) (interpreter services taxable costs since law required intervention of an interpreter in cases where witness did not understand English language).
In summary, it is my opinion until legislatively or judicially determined otherwise that:
 1. In the absence of a court invoking its inherent powers, fees paid to an interpreter by the public defender for services rendered during an in-office attorney-client consultation with a criminal defendant are not taxable to county as costs under s. 27.54(3), F.S., and such fees are not covered by Fla.R.Crim.P. 3.220(k) since they were not incurred as part of the discovery process.
 2. Interpreter's fees incurred when an interpreter is needed for depositions are taxable by the court to the county as costs, even though not subsequently used at a court proceeding, pursuant to the provisions of s. 27.54(3), F.S., and Fla.R.Cr.P. 3.220(k), when such costs are a necessary and reasonable component of deposition costs.
Sincerely,
Jim Smith Attorney General
Prepared by:
Anne Curtis Terry Assistant Attorney General